## MADISON et ux. v. BERRY et al.*

### No. 4398.

Court of Appeal of Louisiana. Second Circuit.

Feb. 6, 1933.

B. F. Thompson, Jr., of Alexandria, for Madison and wife.

Polk & Robinson, of Alexandria, for Turner and Berry.

DREW, J.

Plaintiff, Irma Lee Madison, sued for damages due to injuries she received when run down by an automobile. Her husband, Hil-lary Madison, joined in the suit, claiming damages in the amount of expenses incurred in having her treated for said injuries. The defendants are Willie Turner, the driver of the car, and Frank Berry, the owner of the car. Willie Turner is alleged to have been in the employ of Frank Berry and at the time of the accident to have been on a mission of his employer.

Defendants filed an exception of no cause of action which was referred to the merits and finally overruled. The lower court rendered judgment for plaintiffs against Willie Turner, and rejected their demands as to Frank Berry. Both plaintiffs and Willie Turner have appealed.

The facts are as follows: On Easter Sunday, between the hours of 2 and 3 p. m., plaintiffs and their two children were walking up Wise street on the east side, in the city of Alexandria, towards Fenner street. Wise street runs north and south and Fenner street east and west. Plaintiffs were walking on the right or east side of Wise street, and when within about one-half block of Fenner street Irma Lee Madison and her three year old child crossed the street to talk to a friend on the opposite or west side. While she was engaged in talking to this friend, her child darted out into the street in an attempt to return to her father, and, when the child was about 7 feet into the street, her mother discovered her and at the same time saw a car coming. She immediately ran after the child and had proceeded nearly across the street when she was struck by the car, knocked unconscious, and severely injured. The child was not struck.

The location of the accident is in the negro section of Alexandria. Wise street is not paved. Neither are the sidewalks. Wise street is 29 feet wide from sidewalk to sidewalk, and on both sides of the street there is a shallow sloping ditch between the street and the sidewalk. The ditches take up 4 to 5 feet on each side, leaving a roadway of 18 to 20 feet to be used by cars and other vehicles. Irma Lee Madison and her child, after crossing the street, were standing in the ditch talking to a friend who was on the sidewalk, and, when the child darted into the street a distance of 7 feet, as alleged, she was about one-third way across that part of the street used by the traveling public, and, when her mother started after her, both running, there was little chance for any one in a car to pass on the right side of the street. At the time the child darted into the street, defendant's car was only a short distance away, not over 25 feet, and the driver cut his car to the left in an attempt to avoid the child and her mother. He was successful in missing the child, but struck the mother when she was about 4 or 5 feet from the sidewalk, on the east side of the street.

*Rehearing denied March 10, 1933.

The acts of negligence alleged by plaintiff are that defendant was traveling very fast; that he was intoxicated; that he was incapacitated for driving a car due to the fact that he had only one leg, his left leg having been amputated; and that he was negligent in cutting to the left instead of the right when he discovered plaintiff and her child in the street.

The preponderance of the testimony is that defendant was traveling at a rate of 10 or 12 miles per hour. One of plaintiffs claim he was making 25 miles per hour. If we accept the highest estimate of his speed as true, the speed would not be negligence. The charge of intoxication is not borne out by any evidence. His incapacity to drive due to his not having a left leg also falls under the testimony of the experts in handling Ford cars. He was driving a model T Ford, 1926 model, and the clear preponderance of the testimony is that one afflicted as defendant was can stop that model car as quickly as one who has both legs. We think the manner in which he handled the car in the emergency that confronted him bears out this testimony.

The last charge of negligence is that he did not act in the emergency as he should have acted, and that, if he had turned to the right instead of the left, he would have missed both plaintiff and the child. He was confronted with an emergency which he was in no way responsible for, and he acted as he thought best. Under such circumstances he is not negligent.

Defendant was driving down Wise street at a reasonable rate of speed, and, unexpectedly to him, a child darted out into the road, followed by her mother, both running. He was too close to have stopped his car, and he quickly cut to the left to avoid striking them, and immediately applied the brakes. He was traveling near the center of the road, only slightly to the right of the center. He had only to travel 12 to 15 feet to be in the ditch on the left-hand side where he stopped, almost the same instant he struck plaintiff. She was removed from under the front part of the car.

One of plaintiffs testified that defendant was traveling at a speed of 25 miles per hour, and offered testimony to show that a Ford car traveling 25 miles per hour can be stopped in 25 feet. We might accept this testimony as true and still could not hold defendant guilty of negligence, for the distance a car can be stopped in when making a test and expecting to stop is a different thing from the distance one can be stopped in when not expecting.to stop and when the stop is occasioned by being confronted with a sudden emergency.

The evidence convinces us that defendant was sober. He was driving at a moderate rate of speed not exceeding 25 miles per hour, and he was fully capable of driving the car. He was confronted with a sudden emergency when a three year old child and her mother ran out into the street in the middle of the block without any warning and too close to him for him to stop before striking them. He cut his car to the left in an attempt to avoid striking them without success so far as the mother was concerned. He acted as any prudent person might act under the same circumstances, and we therefore find he was free from any negligence.

Our finding of facts in the case renders it unnecessary to pass upon the exception of no cause of action, as well as upon the admission of agency under the pleadings as raised by plaintiffs.

The judgment of the lower court is incorrect, and will have to be amended.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by rejecting the demands against Willie Turner, and, as amended, that it be affirmed, with costs.